UNITED STATES FIDELITY AND GUARANTY COMPANY, and Fidelity and Guaranty Insurance Company, Plaintiffs,

v.

WEST ROCK DEVELOPMENT CORPORATION, and Mountain Valley Place, Inc., et al. Defendants.

No. 3–97–CV–1366 (WWE).

United States District Court, D. Connecticut.

April 26, 1999.

**128**

Peter B. McGlynn, Valerie S. Carter, John F. Farraher, Jr., Bernkoph, Goodman & Baseman, Boston, MA, for Plaintiffs.

William J. Massie, Jr., Hamden, CT, for Defendants.

*RULING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT*

EGINTON, Senior District Judge.

Plaintiffs have filed the instant action to recover payment from the defendants for work completed in the construction of an apartment building for elderly housing. Defendant, Mountain Valley Place, Inc. ("Mountain Valley"), has asserted a counterclaim alleging damages due to incomplete punch list items.

Plaintiffs move for entry of partial summary judgment in the form of a judicial declaration affirming the validity and enforceability of a clause provided in a United States Department of Housing and Urban Development ("HUD") form known as the Capital Advance Cost Plus (the "HUD Form"). Mountain Valley opposes plaintiffs' motion.

*Background*

In August, 1994, Cristwood Contracting, Inc. ("Cristwood") and Mountain Valley entered into a construction contract in which Cristwood agreed to construct an apartment building for elderly housing in New Haven, Connecticut. Under the terms of the contract, Cristwood, as principal, and USF & G, as surety, made, executed and delivered to Mountain Valley a Performance–Payment Bond (the "Bond"). The Bond obligated USF & G to perform in the event of Cristwood's default.

The construction contract comprises the terms and conditions enumerated in the HUD Form and its supplement, Form HUD 2254. Additionally, the contract incorporates AIA Document A201 ("AIA General Conditions") and its supplementary amendments.

Article I, Section A of the HUD Form provides that the provisions in the HUD Form and its supplement take precedence over all inconsistent provisions in the AIA General Conditions.

Article 2, Section C of the HUD Form provides as follows:

> If the work is not substantially completed ... the contract sums ... shall be reduced by the actual cost of taxes and insurance, as approved by HUD, for the period from the scheduled date of completion through the date construction was actually completed. This cost shall be reduced by an amount equal to the project's net operating income (as determined by HUD) for the period upon which the aforementioned actual costs are based.

In May, 1996, Cristwood abandoned the construction project and defaulted under the contract. Mountain Valley then terminated Cristwood's right to proceed under the contract and made demand on USF & G to complete the project. Consequently, USF & G undertook completion of the construction project pursuant to its obligations under the bond, which incorporates the construction contract by reference.

In July, 1996, USF & G deemed the project substantially completed. Cristwood and USF & G then submitted payment requisitions to Mountain Valley for $866,958. To date, the defendants have made no such payment.

On July 14, 1997, USF & G filed its complaint for damages, declaratory judgment, and equitable relief. Subsequently, Mountain Valley filed an answer, and then filed a counterclaim for damages due to allegedly incomplete punch list items. On July 29, 1998, Mountain Valley filed a damages analysis claiming in excess of $631,626.

## Discussion

■ A contract is to be interpreted according to the intent expressed in its language and not by any intent the court may believe existed in the minds of the parties. *Barnard v. Barnard,* 214 Conn. 99, 110, 570 A.2d 690 (1990). When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction. *Gino's Pizza of East Hartford v. Kaplan,* 193 Conn. 135, 138, 475 A.2d 305 (1984).

■ In this instance, the plain language of Article 2, Section C provides that contract sums should be reduced if work was not substantially completed by August 31, 1995 (the date specified by contract). This is a clear and unambiguous limitation on damages attributable to delay.

Mountain Valley asserts that Article 2, Section C does not apply to any delay damages owed by USF & G because Mountain Valley never agreed that the project was actually completed. The Court notes that the formula articulated in Article 2 requires a completion date to calculate the amount of damages attributable to delay. Whether USF & G substantially completed the project is an issue to be resolved by the trier of fact. However, the dispute concerning USF & G's substantial completion of the project does not render the Article 2, Section C unenforceable.

■ Mountain Valley further claims that Article 2, Section C relates only to Cristwood's performance because the clause refers only to the contractor. However, USF & G is Cristwood's surety, and a surety's liability derives from that of the principal. *United States v. Seaboard Surety Co., et al.,* 817 F.2d 956, 962 (2d Cir.1987). Therefore, Article 2, Section C applies to USF & G, which assumed Cristwood's liabilities.

Finally, Mountain Valley urges that Article 14 of the AIA General Conditions overrules or contradicts Article 2, Section C. However, Article I, Section 5 of the HUD Form provides that the provisions of the HUD Form take "precedence over all inconsistent provisions in said AIA General Conditions." The Court will not disturb the terms and conditions established by the contract.

## Conclusion

For the foregoing reasons, the plaintiffs' Motion for Partial Summary Judgment

[Doc. # 102] is GRANTED. Article 2, Section C of the HUD Form is enforceable. Therefore, if USF & G substantially completed the project and Mountain Valley is entitled to damages attributable to delay, such damages shall be computed in accordance with the formula provided by Article 2, Section C of the HUD Form.

So Ordered.